# Exhibit A

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

5/14/2024 2:05 PM

By: Michelle Gomez-Casillas, DEPUTY

Page & Nguyen APC.
Paris Page (SBN #296772)
7119 W. Sunset Blvd. #225
Los Angeles, CA 90046
Telephone: 213.220.3965
Email: Paris@pagenguyen.com
Attorney for George Llamas

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GEORGE LLAMAS, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, AND DOES 1-25, INCLUSIVE<br><br>Defendant. | Case No.: CIVSB2416727<br><br>COMPLAINT<br>COMPLAINT FOR DAMAGES<br>1.) NEGLIGENCE<br><br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, George Llamas, by and through her attorneys, Page & Nguyen APC. and sues the Defendants COSTCO WHOLESALE CORPORATION, and for reasons therefore states as follows:

1. Plaintiff is informed and believes and thereon alleges that Defendant COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Defendant") is a Washington Incorporated Company doing business in the state of California.

2. Does 1 through 25, inclusive, are sued under such fictitious names because their true names and capacities, whether individual, corporate or otherwise, are presently unknown to Plaintiff. When the true names and capacities of Does 1 through 25, or any of them are ascertained, Plaintiff will seek leave to amend this pleading to reflect accurately such real names and capacities. Plaintiff is informed and believes upon such information and belief alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences caused by their conduct.

3. Plaintiff is informed and believes and upon such information and belief alleges that at all times relevant to this action, Defendants were the agents or employees of each other, and in doing the things alleged herein were acting within the course and scope of their agency and/or employment and with the permission, knowledge, ratification, consent and/or affirmation of the co-defendants.

4. Whenever and wherever reference is made to individuals who are not named as Defendants in this action, but were the agents and/or employees of Defendants, or any of the, it is alleged that such individuals at all time acted on behalf of Defendants named in this action within the course and scope of their respective agencies and/or employments.

5. Whenever and wherever reference is made in this Complaint to any conduct of Defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each Defendant, acting individually, jointly and severally. 9. Jurisdiction and venue

are proper with this Court because the injuries sustained by Plaintiff occurred in the State of California in San Bernardino County and Plaintiff lived in San Bernardino County.

## GENERAL ALLEGATIONS

6. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 5, inclusive, as though set forth at length herein and made a part hereof.

7. That on May 15, 2022, and prior and subsequent thereto, the Defendant, owned, possessed, controlled, maintained and managed a certain premises commonly described as Costco Wholesale Corporation, located at 9404 Central Ave. Montclair, CA 91763.

8. That on the aforesaid date, May 15, 2022, the Plaintiff, George Llamas, was a business invitee and customer of the Defendants in the aforesaid Costco Wholesale store, and as such invitee and customer, she was properly on said premises.

9. That on the aforesaid date, May 15, 2022, the Plaintiff, George Llamas, was walking on the aisle where water was, when he slipped and fell due to a large amount of water that was on the floor area in the aisle, which was on the premises of the Defendants, Costco Wholesale Corporation.

## FIRST CAUSE OF ACTION
**(Negligence)**

10. PLAINTIFFS hereby re-alleges and incorporates herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

11. That it thereon became and was the duty of the Defendants, by and through its duly authorized agents and servants, to exercise all due care and caution for the safety of the Plaintiff and other members of the public on its premises, but the Defendants did not regard its duty, or use due care on behalf of the Plaintiff, by and through its authorized agents and servants in that behalf, and negligently and carelessly allowed aforesaid premises unsafe to traverse by customers in its store.

12. That on the aforesaid date, May 15, 2022, the Defendants, by and through its authorized agents and employees, was then and there negligent in one or more of the following respects:

a. Carelessly and negligently failed to provide reasonably and safe premises for persons in said entrance and street area;

b. Carelessly and negligently failed to maintain the aforesaid aisles;

c. Carelessly and negligently permitted water to be present on the floor in an area where customers traversed;

d. Carelessly and negligently failed to warn customers of the presence of the water on the floor of the aisle;

e. Carelessly and negligently failed to clean the water on the floor of the aisle after it knew or should have known that the water presented a danger to its customers;

f. Carelessly and negligently failed to maintain the premises owned by the Defendants in a good and safe condition for the Plaintiff and others;

g. Failing otherwise to comply with the applicable laws and regulations of the State of California and the applicable Federal laws and regulations;

h. Carelessly and negligently failed to exercise the degree of care required under the circumstances;

i. Otherwise being negligent.

13. That as a direct and proximate result of one or more of the above set forth wrongful acts of negligence on part of the Defendants, by and through its duly and authorized agents and servants, the Plaintiff then and there suffered injuries, incurred severe pain and suffering, incurred medical expenses, lost wages, Plaintiff has, may, and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment, and mental anguish. Plaintiff has, may, and probably will for an indefinite time in the future be deprived of ordinary pleasures of life, loss of well-being, and equanimity, and her overall health, strength, and vitality has been greatly impaired, without any negligence of the Plaintiff contributing thereto

WHEREFORE, PLAINTIFF prays for judgment against Defendants Costco Wholesale Corporation; and DOES 1 through 25, and each of them, as follows:

1. For general and special damages according to proof thereof;

2. For all medical and incidental expenses according to proof.

3. For all loss of earnings according to proof.

4. For punitive damages according to proof thereof;

5. For costs of suit herein incurred.

6. For Attorney fees and costs of suit herein;

7. For such other and further relief as the court may deem proper.

DATED: May 13, 2024

Page & Nguyen APC.

Paris Page
Attorney for PLAINTIFF

///

///

///

///

///

///

///

///

///

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff George Llamas hereby demands a trial by jury as to all causes of action.

DATED: February 13, 2024

Page & Nguyen APC.

Paris Page
Attorneys for PLAINTIFF

///

///

///

///

///

///

///

///

///

///

///

///

///

**VERIFICATION**

I, ___, am a ___in the above-entitled action. I have read the foregoing ___and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Los Angeles, California.

DATED: May 13, 2024

Page & Nguyen APC.

Paris Page
Attorneys for PLAINTIFF